UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

**GERRY RUFF,**

  **Plaintiff,**

 v.

             Case No. 2:22-CV-03362
             Judge Edmund A. Sargus, Jr.
             Magistrate Judge Kimberly A. Jolson

**AUTOVEST, L.L.C.**

  **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's November 29, 2022, Motion for Default Judgment Against Defendant Autovest, L.L.C. ("Autovest"). (ECF No. 7). Plaintiff alleges "Defendant had failed to plead or otherwise defend this action," despite having been served notice of the suit. (*Id*., at 1). Defendant responded on December 8 of the same year, arguing that Plaintiff failed to properly serve it. The Court finds for Defendant.

Rule 4 of the Federal Rules of Civil Procedure provides that to properly serve a corporation, a plaintiff must deliver "a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Plaintiff attempted to served process on October 6, 2022. (ECF No. 7, at 1). However, his service of process was defective.

The rules of civil procedure require Plaintiff to serve an Autovest officer, managing or general agent, or agent authorized by appointment or law. Plaintiff purports to have served Defendant company at 644 Linn Street, Ste 720, Cincinnati, Ohio. (ECF No. 3). However, Defendant points out that that address is not its place of business. (ECF No. 8, at 3). Rather, it is

the former address of Slovin & Associates Co., LPA ("Slovin"). (*Id*.). Slovin has in the past represented, and currently represents, Autovest, but the law firm did not have an attorney-client relationship with Autovest at the time of service. (*Id*.). Slovin is not the registered or authorized agent for the Defendant. (*Id*.). This address is also not where Defendant transacts business, nor the address of its agent registered with the State of Ohio to receive process of service for Autovest. (*Id*.).

Further, Defendant advises the Court that Plaintiff's Motion for Default Judgment was not served on Defendant and was not filed electronically. (ECF No. 8, at 3). Federal Rule of Civil Procedure 5(d) requires that when papers are not filed in a court's electronic-filing system, they must be filed with a certificate of service. Defendant states that Plaintiff did not serve the Motion for Default Judgment on Defendant, nor file a certificate of service with the motion. (*Id*.). Because Plaintiff did not properly serve Defendant, this court lacks jurisdiction to enter default judgment. *See Medarbor, LLC v. Ohio River Laboratory/IPATH, LLC*, 2:18-CV-1249, 2018 WL 7858773, at *1 (S.D. Ohio Nov. 28, 2018) (denying a motion for default judgment due to lack of jurisdiction because of defective service).

Even assuming *in arguendo* that Plaintiff had properly served Defendant, his motion still fails. Federal Rule of Civil Procedure 55 sets forth a sequential process to obtain a default judgment. *Id*. First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Only then may the plaintiff motion the court for default judgment. Fed. R. Civ. P. 55(b). Plaintiff has moved for default judgment against Defendant under rule 55(b)(2). However, Plaintiff has not requested an entry of default from the Clerk of Courts, and the Clerk has not entered default under Rule 55(a). As Plaintiff may only apply to this court for a default judgment after obtaining an entry of default under Rule 55(a), Plaintiff's motion is not proper procedurally.

*See See Medarbor, LLC v. Ohio River Laboratory/IPATH, LLC*, 2:18-CV-1249, 2018 WL  7858773, at *1 (S.D. Ohio Nov. 28, 2018) (holding same).

Accordingly, Plaintiff's Motion for Default Judgment (ECF No. 7) is **DENIED WITHOUT PREJUDICE.**


**IT IS SO ORDERED.**


**6/5/2023**          **s/Edmund A. Sargus, Jr.**
**DATE**              **EDMUND A. SARGUS, JR.**
                      **UNITED STATES DISTRICT JUDGE**